UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT L. CAVIN, JR.

    Plaintiff,                                    Hon. Janet T. Neff

v.                                             Case No.: 1:09-cv-207

LANSING COMMUNITY COLLEGE,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendant Lansing Community College's Motion for Summary Judgment</u>. (Dkt. #43). Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court recommends that Defendant's motion be **granted**.

## BACKGROUND

Plaintiff brought claims under Title VII of the Civil Rights Act of 1964, as amended; the Elliot Larsen Civil Rights Act of 1976, as amended; and the Age Discrimination in Employment Act of 1964, as amended for discriminatory treatment on the basis of race, color, age, and sex.

Plaintiff is a 47-year-old African-American male. Plaintiff previously worked for Lansing Community College (LCC). Plaintiff voluntarily resigned from LCC to pursue other opportunities. In March of 2006, Plaintiff reapplied for employment with LCC.

Plaintiff applied for the following five positions with LCC: Associate Director of Financial

1

Aid/Manager of Operations; Assistant Director of Financial Aid/Manager of Advising; Scholarship and Grant Coordinator; Financial Aid Advisor; and Financial Aid Advisor. Plaintiff was interviewed for the Financial Aid Advisor and Scholarship and Grants Coordinator positions. Ultimately, Plaintiff was not selected for these positions; Plaintiff alleges he was not hired on the basis of his race, color, age, and sex.

Ms. Elizabeth Stallard, Caucasian, age 32, was hired as the Associate Director of Financial Aid; Ms. Emily Baynes, Asian, age 28, was hired as the Assistant Director of Financial Aid; Ms. Pamela Schmidt, Native American, age 49, was hired as the Scholarship and Grant Coordinator; Ms. Nicole Reinhart-Huberty, Caucasian, age 27, was hired as the Financial Aid Advisor; and Mr. Joaquin Rodriquez, Latino, age 35, was hired as the Financial Aid Advisor.

Defendant moves under Fed. R. Civ. P. 56(c) for summary judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue of material fact regarding the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 317 (1986); *Martin v. Ohio Turnpike Comm'n*, 968 F.2d 606 (6th Cir. 1992). However, in ruling on a motion, the "nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor." Fed. R. Civ. P. 56(e).

In order to defeat a motion for summary judgment the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). If the nonmoving party fails to set out specific facts which show there is a genuine issue for trial, summary judgment

2

is appropriate. *Cloverdale Equipment Co. v. Simon Aerials, Inc.*, 869 F.2d. 934, 937 (6th Cir. 1989); *Adcock v. Firestone Tire & Rubber Co.*, 822 F.2d 623,626 (6th Cir. 1987).

Mere allegations of a cause of action will not suffice to avoid summary judgment. The party with the burden of proof at trial is obligated to provide "concrete evidence supporting its claims and establishing the existence of a genuine issue of fact." *Celotex*, 477 U.S. 322; *First National Bank of Ariz. v. Cities Service Co.*, 391 U.S. 253 (1968). Further, the nonmoving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp. Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and . . . may not merely recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id*. at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels v. Woodside*, 396 F.3d 730, 735 (6th Cir. 2005).

At the summary judgment stage, a plaintiff must demonstrate direct or circumstantial evidence of discrimination to prevail on a Title VII discrimination claim. *Upshaw v. Ford Motor Co.*, 576 F.3d 576 (6th Cir. 2009). Age discrimination claims, covered under the Age Discrimination in Employment Act, are considered under the Title VII framework. *Kotcher v. Rosa & Sullivan Appliance Ctr., Inc.*, 957 F.2d 59 (2d Cir. 1992). Direct evidence of discrimination is evidence, which if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions. *Jacklyn v. Schering-Plough Healthcare Prods. Sales*

*Corp.*, 176 F.3d 921, 926 (6th Cir. 1999). If no direct evidence of discrimination is produced the *McDonnell Douglas/Burdine* framework is triggered. *Mitchell v. Toledo Hospital*, 964 F.2d 577 (6th Cir. 1992).

Under the *McDonnell Douglas/Burdine* analysis a plaintiff relies on circumstantial evidence to prove his discrimination case. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1972); *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981). In such a circumstance, the plaintiff must first establish a prima facie case of discrimination. *Dews v. A.B. Dick Co.*, 231 F.3d 1016 (6th Cir. 2000). If the plaintiff establishes a prima facie case of discrimination, "the burden shifts to the employer to proffer a legitimate, nondiscriminatory reason for its decision." *Id*. at 1020-21. If the employer carries its burden of showing a nondiscriminatory reason, the burden of production then shifts back to the plaintiff to refute the reasons offered by the employer as mere pretext for discrimination. *Id*; *Jones v. Potter*, 488 F.3d 397, 502 (6th Cir. 2007) (Employee has the burden of demonstrating pretext). The prima facie standards of the *McDonnell Douglas/Burdine* analysis serves as a "flexible evidentiary standard" but are not intended to pose a more stringent pleading requirement than is required by the Federal Rules of Civil Procedure. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Plaintiff did not put forth any direct evidence of discrimination, thus, analysis under the *McDonnell Douglas/Burdine* framework is appropriate.

Each claim under Title VII bears a similar, but slightly distinct prima facie case. *International Bhd. of Teamsters v. United States*, 431 U.S. 324, 358 (1977) (it would be impractical to identify an "inflexible formulation" for every discrimination claim.)

**A. Race Discrimination**

To establish a prima facie case of race discrimination the plaintiff must establish that: (1) he

4

belongs to a racial minority; (2) he applied for and was qualified for a job in which the employer was seeking applicants; (3) despite his qualifications, he was rejected; and (4) that after he was rejected, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications. *McDonnell Douglas Corp.*, 411 U.S. at 802.

### B. Color Discrimination

A prima facie case of discrimination based on color requires a showing that: (1) the plaintiff is a member of a protected class; (2) the plaintiff was subject to an adverse employment action; (3) the plaintiff was qualified for the position; and (4) the plaintiff was replaced by an individual outside the protected class or treated less favorably than a similarly situated person outside the protected class. *Brack v. Shoneys*, 249 F. Supp 2.d 938, 949 (6th Cir. 2003); *Clayton v. Meijer, Inc.*, 281 F.3d 605 (6th Cir. 2002).

### C. Age Discrimination

A prima facie case of discrimination based on age must allege that: (1) the plaintiff is a member of a protected class[1]; (2) the plaintiff suffered an adverse employment decision; (3) the plaintiff was qualified for the position; and (4) the plaintiff was rejected in favor of a person not belonging to the protected class. *Corrigan v. United States Steel Corp.*, 478 F.3d 718, 727 (6th Cir. 2007).

### D. Gender Discrimination

In order for a member of the majority gender class to show discriminatory treatment, they must show that they were discriminated against because of their status as a member of the majority

---

[1] The protected class includes all workers 40 years of age or older. *Grosjean v. First Energy Corp.*, 349 F.2d 322, 329 (6th Cir. 2003).

class. *Murray v. Thistledown Racing Club*, 770 F.2d 63, 70 (6th Cir. 1985). A prima facie case of reverse discrimination is established by showing that: (1) "background circumstances support the suspicion that the defendant is that unusual employer who discriminated against the majority," and (2) that the employer treated differently similarly situated individuals not of the protected group. *Id*. at 67.

## **ANALYSIS**

Ultimately, the third prong of the *McDonnell/Douglas Burdine* analysis requires Plaintiff to show that Defendant's employment decisions were motivated by a discriminatory animus. In order to meet this burden, Plaintiff must offer some quantum of evidence that refutes Defendant's proffered legitimate, non-discriminatory rationale (step two of the *McDonnell Douglas/Burdine* analysis). Defendant offered, as a legitimate, non-discriminatory rationale, that Plaintiff was not the best qualified candidate for the various positions and therefore was not hired. In support of this assertion, Defendant offered an affidavit from Ms. Anita Evans, Human Resources Manager for LCC, stating that the candidates ultimately selected for the positions were believed to be the best qualified candidates. (Dkt. #44; Ex.12, ¶21). In support of such an assertion, Defendant also offered the applications from the individuals ultimately hired detailing their respective credentials and experiences. (Dkt. #52, Ex.1, 6, 7, 8, 9). Additionally, Defendant offered numerous statements from Plaintiff's deposition that he did not believe his age, race, gender, or color were factors in the selection process. (Dep. of Plaintiff, P.39:14 - P.40:13; P.50:9 - P.52:10).

The individuals that were ultimately selected for the various positions varied in age, ranging from 27 years old to 49 years old, were both male and female, and had various racial backgrounds

including Caucasian, Latino, Asian, and Native American. Additionally, all of the individuals selected were internal candidates. The very fact that these individuals, from a varied and diverse background, were selected bolsters Defendant's legitimate, non-discriminatory rationale. It is difficult to comprehend how hiring these diverse candidates supports Plaintiff's assertions that LCC's decisions were motivated by a discriminatory animus.

Plaintiff failed to offer any admissible objective evidence that supports his position that Defendant's decisions were a mere pretext for discrimination. Plaintiff offered the conclusive report and supporting documentation of the Equal Employment Opportunity Commission's (EEOC) investigation. (Dkt. #1, Ex.2). Defendant also offered this as evidence in support of its defense. (Dkt. #43, Ex.2, 3, 9). The Court notes that these documents consist of inadmissible hearsay pursuant to Fed. R. Evid. 802 and Fed. R. Evid. 805. Neither party has advanced a rationale that these documents are properly admissible under any exception. Therefore, these documents have not been considered[2].

Aside from inadmissible hearsay, Plaintiff's argument relies upon an affidavit that he submitted with his brief. The Court notes that the affidavit supports Plaintiff's individual qualifications for each position, but does not offer any evidence that Defendant's proffered legitimate, nondiscriminatory rationale was a mere pretext for discrimination. Without such, Plaintiff's argument is devoid of *any* objective evidence that supports his position that Defendant discriminated against him on the basis of his race, color, age or gender. Plaintiff simply disagrees about who was the most qualified candidate without the benefit of any evidence showing that

---

[2] The Court notes that even if the records were deemed properly admissible under a relevant hearsay exception, the Court fails to find anything within the records that would support Plaintiff's case.

Defendant's proffered basis was not supported by facts or was not the actual basis for its decision. This is not a sufficient basis to establish pretext, as it is "the employer's motivation, not the applicant's perceptions, or even an objective assessment of what qualifications one required for a particular position [that] is key to the discrimination inquiry." *Browing v. Dep't of the Army*, 436 F.3d 692, 697 (6th Cir. 2006) (quoting *Wrenn v. Gould*, 808 F.2d 493, 502 (6th Cir. 1987)).

Accordingly, even assuming Plaintiff could properly establish the requisite prima facie cases for each alleged claim[3], Plaintiff has produced no evidence supporting his assertion that Defendant's actions were motivated by a discriminatory animus. With no evidence to create a genuine issue of material fact regarding Defendant's proffered rationale, Plaintiff's case fails.

## **CONCLUSION**

Plaintiff has not provided any evidence which would refute Defendant's legitimate, non-discriminatory rationale as mere pretext for discrimination. Therefore, Plaintiff cannot succeed on a his claims for race, color, age, and gender based discrimination. For the aforementioned reasons, I recommend that Defendant's motion for summary judgment (Dkt. #43) be **granted**.

---

[3] It is clear that Plaintiff was qualified for at least some of the positions as he was interviewed for three of them. For purposes of this Report and Recommendation the Court will assume that he was qualified for all of them.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                Respectfully submitted,

Date: February 25, 2010                         /s/ Ellen S. Carmody
                                                      ELLEN S. CARMODY
                                                      United States Magistrate Judge