UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT L. CAVIN, JR.,

    Plaintiff,                               Case No. 1:09-cv-207

v                                             HON. JANET T. NEFF

LANSING COMMUNITY COLLEGE,

    Defendant.
_____/

**OPINION AND ORDER**

      Plaintiff, proceeding pro se, filed this employment discrimination case, alleging discriminatory treatment on the basis of race, color, age, and gender after defendant did not hire plaintiff for any of the five positions for which he applied. Defendant moved for summary judgment under FED. R. CIV. P. 56. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation, recommending that this Court grant defendant's motion. The matter is presently before the Court on plaintiff's objections to the Report and Recommendation. Defendant filed a response to plaintiff's objections. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

      Plaintiff agrees that the Magistrate Judge correctly applied the three-step burden-shifting approach from *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973), to his discrimination

1

claims. Plaintiff objects to the Magistrate Judge's conclusion, under the third part or prong of the *McDonnell Douglas* approach, that he did not show that defendant's proffered legitimate, non-discriminatory rationale – that plaintiff was not the best qualified candidate for the various positions – was a mere pretext for discrimination.

In his objection, plaintiff argues that "there is a genuine issue over 'pretext,' due to shifting reasons of the Defendant ... for my not being hired" (Dkt 56 at 1-2). According to plaintiff, a genuine issue of material fact arises where he "met the criteria in the written exhibits but then the college says they hired 'the best,' ... and later saying there were other criteria like interview skills" (*id.* at 3).

Plaintiff's argument is without merit. The Magistrate Judge acknowledged that it was "clear that Plaintiff was qualified for at least some of the positions as he was interviewed for three of them," and, for purposes of the Report and Recommendation, the Magistrate Judge "assume[d] that he was qualified for all of them" (Dkt 55 at 8 n.3). Plaintiff's contention that the reasons defendant provided for not hiring him "shifted," even if accepted as true, does not establish that the reasons were a pretext for discrimination based on his race, color, age, or gender. "A reason cannot be proved to be 'a pretext for discrimination' unless it is shown *both* that the reason was false *and* that discrimination was the real reason." *Hazel Park Fuhr v. Sch. Dist. of City of Hazel Park,* 364 F.3d 753, 758 (6th Cir. 2004) (quoting *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 515 (1993) (emphases in original)). In other words, plaintiff's objection does not reveal any error in the Magistrate Judge's conclusion.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 56) are DENIED and the Report and Recommendation (Dkt 55) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Dkt 43) is GRANTED.


Dated: May 20, 2010         /s/ Janet T. Neff
                            JANET T. NEFF
                            United States District Judge